UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY WARREN WADE,

    Movant,

v.

                                  File No. 1:14-cv-735

                                  HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **OPINION**

Pending before this Court is Movant Gregory Warren Wade's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No. 1). Also pending are Movant's motion for an expedited hearing (ECF No. 8) and motion to overrule this Court's March 31, 2015, order authorizing release of information subject to the attorney client privilege (ECF No. 11.) For the reasons that follow, the Court grants the motion to overrule, and thus denies the motion for a hearing and § 2255 motion, and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

### I.

**A.     Motion Standards**

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail

on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," *DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996) (internal citations and quotation marks omitted), or "an intervening change in the case law." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Claims of ineffective assistance of counsel are an exception to this general rule. Claims of ineffective assistance of counsel "are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quoting *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999)).

To establish ineffective assistance of counsel, Movant must show both deficient performance by his counsel and prejudice resulting therefrom. *See Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733,

739 (2011) (citing *Knowles v. Mirzayance*, 566 U.S. 111 (2009)). To establish deficient performance, Movant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689). Movant's burden is to show that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *See id.* (quoting *Strickland*, 466 U.S. at 687).

Even if Movant can successfully show his counsel's performance was deficient, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *See Strickland*, 466 U.S. at 691. Therefore, Movant must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance. Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 131 S.Ct. at 739 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)); *see also Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Taylor*, 529 U.S. 362, 391 (2000) (internal quotations omitted).

The issue is whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 690). This is a heavy burden for Movant to meet because he must establish that his counsel's performance was "so manifestly ineffective that defeat

was snatched from the hands of probable victory." *Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc)). As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim de novo, "the standard for judging counsel's representation is a most deferential one." *Premo*, 131 S.Ct. at 740.

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if Movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

**B.    Ineffective Assistance of Trial Counsel**

An ineffective assistance of counsel claim is the crux of the arguments presented in Movant's § 2255 motion. Movant cites the failure of his trial counsel to file an appeal (Ground 1), to investigate mitigating factors applicable to sentencing (Ground 2), and to make objections or file motions on his client's behalf (Ground 3). The Court ordered the United States Attorney for the Western District of Michigan to file an Answer to Movant's pleading under Rule 5 of the Rules Governing Section 2255 Proceedings. (Jan. 15, 2015, Order, ECF No. 3.)

In order to respond to Movant's arguments, the government required information related to why Movant's counsel failed to appeal, what pre-sentence investigatory work his counsel performed,

and what objections counsel filed. Thus, the Court issued an order authorizing release of information subject to the attorney-client privilege. (Order March 16, 2015, ECF No. 7.) Movant, however, objected to the release of information and asked the Court to "Please stop this Order." (Mot. for Relief, June 18, 2015, ECF No. 11.) The Court issued an order clearly explaining to Movant that the Court cannot assess the merits of his § 2255 motion unless it reviews information subject to the attorney-client privilege. (June 25, 2015, Order, ECF No. 12.) Movant was provided fourteen days to file notice with the Court whether he intended to waive his attorney-client privilege. (*Id*.)

Movant has not responded to the Court's June 25, 2015, order to file notice. Thus, the Court construes Movant's June 18 Motion for Relief as indicative of Movant's present desire not to waive his attorney-client privilege. By refusing to waive his privilege, Movant has abandoned his grounds for relief. He has offered no evidence of his counsel's deficiencies, and he has prevented government from offering evidence or responding to the allegations. The bare allegations listed in Movant's § 2255 motion (ECF No. 1) are conclusory and fail under the *Strickland* two-prong test. As to claims underlying Movant's ineffective assistance of counsel claim, the Court finds that Movant's sentence did not exceed the statutory maximum, and challenges about the chain-of-custody of drug tests and the reasonableness of his within-guidelines sentence do not constitute cognizable § 2255 issues. *See United States v. Berry*, 624 F.3d 1031 (9th Cir. 2010); *United States v. Vasquez*, — F. App'x —, 2014 WL 7139502 (6th Cir. 2014). Thus, Movant is entitled to no relief under § 2255.

## II.

Having determined that Movant's arguments do not merit granting his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court may also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro*

*v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002).

A certificate of appealability should issue if the Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's arguments debatable or wrong because Movant has not shown denial of a constitutional right or even buttressed his legal conclusions with evidence. Therefore, the Court denies Defendant a certificate of appealability as to each issue presented.

### III.  CONCLUSION

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised.

The Court will issue a Final Order and Judgment consistent with this Opinion.

Dated: July 21, 2015                                /s/ Robert Holmes Bell
                                                                                        ROBERT HOLMES BELL
                                                                                        UNITED STATES DISTRICT JUDGE